# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT B. SQUIRES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV409-045 |
| AL ST. LAWRENCE, *Sheriff*, and THE CIRCUIT PUBLIC DEFENDER EASTERN JUDICIAL CIRCUIT OF GEORGIA, | ) ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Robert B. Squires, a pretrial detainee at the Chatham County Detention Center, has filed a 42 U.S.C. § 1983 complaint claiming that he is due damages for an earlier illegal incarceration. (Doc. 1 at 5.) The Prison Litigation Reform Act requires federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and

dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court will therefore examine the complaint to determine whether it states a colorable claim for relief.

From July 21, 2007 to March 3, 2008, Squires was detained at the Chatham County Detention Center on charges of entering an automobile. (Doc. 1 at 5.) Unknown to Squires, the state apparently chose not to pursue the charges, as the case was "dead docketed" on August 18, 2007. (*Id.*) While he awaited trial, he sent Sheriff Al St. Lawrence several inmate request forms requesting the status of his case. (*Id.*) The sheriff's office replied to his requests, stating that he was held on charges of entering an auto and that there was no pending court date. (*Id.*) He also regularly wrote the public defender's office for assistance, but he "was abandoned by the public defenders for all practical purposes." (*Id.*) Eventually, it occurred to him to write a letter to the superior court clerk, who notified him that his case had been dead-docketed. (*Id.*) He presented the letter to

a jail officer and was immediately released in March 2008. (*Id.*) Squires blames the sheriff and public defender for his detention between the dead-docketing of the criminal case and his release. He seeks significant compensatory and punitive damages due to his "illegal incar[c]eration." (*Id.* at 7.)

To prevail in a § 1983 action, a plaintiff must establish both a violation of a right secured by the Constitution or laws of the United States and demonstrate that the alleged violation was committed by a person acting under color of state law. *Bannun v. City of Ft. Lauderdale*, 901 F.2d 989, 996-97 (11th Cir. 1990). A public defender is usually not considered a state actor for § 1983 purposes. "A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."[1] *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). Whether retained or court-appointed, an attorney who serves as counsel for a defendant in a criminal proceeding does not act on behalf of the state but is instead "the State's adversary" and hence cannot be subjected to liability

---

[1] It is not clear from the complaint whether Squires was actually represented by a public defender. (Doc. 1 at 5.)

3

under § 1983. *Dodson*, 454 U.S. at 318-19 n. 7, 323 n. 13; *Eling v. Jones*, 797 F.2d 697 (8th Cir. 1986); *Hall v. Quillen*, 631 F.2d 1154, 1156 (4th Cir. 1980); *Page v. Sharpe*, 487 F.2d 567, 570 (1st Cir. 1973). Accordingly, the circuit public defender should be dismissed.

Moreover, in order to establish a cognizable claim for unlawful detention under § 1983, plaintiff must allege facts showing the elements of common law false imprisonment: (1) intent to confine, (2) acts resulting in confinement, and (3) consciousness of the victim of confinement or resulting harm. *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). And he must further establish that the imprisonment resulted in a violation of due process rights under the Fourteenth Amendment. *Id.* That is, he must show that the defendants were deliberately indifferent to his continued detention " 'after it was or should have been known that [he] was entitled to release.' " *Kelley v. Ga. Dep't of Corr.*, 145 F. App'x 329, 330 (11th Cir.2005) (quoting *Cannon v. Macon County*, 1 F.3d 1558, 1563 (11th Cir.1993)). Squires has not alleged any facts showing that the Sheriff (or circuit public defender, for that matter) had any knowledge or reason to know of the dead-docketing of his case yet remained deliberately indifferent

4

to his continued detention.

"While a complaint need not contain detailed factual allegations, it should be dismissed if the facts as pled do not set forth 'a claim to relief that is plausible on its face.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Although specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). Here, plaintiff has not submitted any facts indicating that defendants intentionally detained him despite knowledge that his case had been dead-docketed. Indeed, he admits that the detention center "immediately released" him as soon as he came forward with information showing that he should be released. (Doc. 1 at 5.) Squires invites the Court to infer from the fact of his improper detention that the defendants were deliberately indifferent to his rights. But the Court cannot simply "fill in the blanks" to infer such a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.

Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)). Accordingly, Squires has failed to state a claim for relief.[2]

Because plaintiff Robert B. Squires has failed to state a claim for which § 1983 relief may be granted, his complaint should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this  8th  day of April, 2009.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Additionally, Squires's complaint is deficient to the extent that he named the directors of the public defender's office and the detention center because he believed they were responsible for the actions of their employees. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Rather, a plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1998) (per curiam). As discussed above, Squires does not offer any factual allegations showing that either of his named defendants directly participated in the alleged constitutional deprivation or implemented some policy, or tolerated some unofficial practice or custom, under which the violation occurred. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Fundiller v. Cooper City*, 777 F.2d 1436, 1442 (11th Cir. 1985).