IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
2009 JUL 16 AM 10:12

CLERK
SO. DIST. OF GA.

ROBERT B. SQUIRES,

    Plaintiff,

v.

AL. ST. LAWRENCE and THE CIRCUIT
DEFENDER, Eastern Judicial
Circuit Of Georgia,

    Defendants.

CASE NO. CV409-045

## ORDER

After a careful de novo review of the Record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (Doc. 6), to which objections have been filed (Doc. 10). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the Opinion of the Court.[1]

SO ORDERED this 16th day of July, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The allegations contained in Plaintiff's Complaint, if true, may very well entitle him to relief under 42 U.S.C. § 1983. See Cannon v. Macon County, 1 F.3d 1558, 1561-64 (11th Cir. 1993) (recognizing "constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release"), see generally Davis v. Hall, 375 F.3d 703, 714 (8th Cir. 2004) (listing various Courts of Appeals cases recognizing constitutional right to be released upon expiration of states' authority to incarcerate). However, Plaintiff must bring his claims against those individuals whose negligence resulted in his prolonged incarceration. Specifically, Plaintiff must allege that a defendant, who was a state actor, was responsible for making sure he was released from prison following the State's decision not to prosecute his case. See Cannon, 1 F.3d 1558.